UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. Ronald Philip Wallace          Docket Number: 08-cr-00409-CMA-01

**Petition for Issuance of Summons Due to Violations of Probation**

COMES NOW, Denise Dohanic, probation officer of the court, presenting an official report upon the conduct and attitude of Ronald Philip Wallace who was placed on supervision by the Honorable Consuelo B. Marshall, in the Central District of California sitting in the court at Los Angeles, California, on the 12th day of February, 2007, who fixed the period of supervision at five years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall be placed on home detention for a period of 24 months, to commence within 21 days of sentencing. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines, cordless telephones for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department. The defendant will be required to pay the cost of electronic monitoring as directed by the probation officer.

2. The defendant shall pay a $700 special assessment and restitution in the total amount of $11,240,602.94 in monthly payments of $6,000. This amount may be adjusted, and the Court expects it will be depending upon the defendant's economic circumstances.

3. The defendant shall be employed and the defendant's employment shall be approved by the U.S. Probation Officer.

4. Upon the receipt of any funds received by the defendant or his immediate family or any entities controlled by or affiliated with the defendant, as a result of defendant's work activities or the sale of any of the defendant's assets in excess of his monthly salary, the defendant shall give notice not later than 24 hours after receipt of such funds to his supervising probation officer and shall not dispense such funds within 30 days of their receipt without approval of his supervising U.S. Probation Officer.

5. The defendant is prohibited from employment where he would solicit funds or employment which would permit him to have control over investment funds, to have custody of investment funds or investor funds, and nor may the defendant be a signatory on such accounts, this is accounts of investor funds.

6. The defendant is required to report to the United States Probation Officer monthly all of salary income, interest, dividends, profits, bonuses, or other monies that the defendant should receive or his family should receive.

7. The defendant shall provide the probation officer with access to any and all business records, client lists, other records pertaining to the operation of any business owned in whole or in part by the defendant as directed by the probation officer.

8. The defendant shall provide to the probation officer: 1) a signed release authorizing credit report inquiries; 2) federal and state income tax returns or a signed release authorizing their disclosure and 3) an accurate financial statement with supporting documentation as to all assets, income, and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the probation officer.

9. The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains", or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the probation officer upon request.

10. The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the probation officer until all financial obligations imposed by the Court have been satisfied in full.

**Jurisdiction of this case was transferred from the Central District of California to the District of Colorado on October 1, 2008.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a summons for the defendant to appear at a violation hearing.

ORDER OF THE COURT

Considered and ordered this 23rd day of December, 2008, and ordered filed and made a part of the record in the above case.

*[signature: Christine M Arguello]*

Christine M. Arguello
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

s/ Denise Dohanic

Denise Dohanic
Senior U.S. Probation Officer

Place: Grand Junction, Colorado

Date: December 12, 2008

## ATTACHMENT

On March 23, 2007, the conditions of probation were read and explained to the defendant. On that date he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided with a copy of them. The term of supervised release commenced on February 12, 2007.

The defendant has committed the following violations of probation:

1. **THE DEFENDANT SHALL PAY RESTITUTION IN THE AMOUNT OF $6,000 A MONTH:**

On April 26, 2007, the defendant signed a payment plan which stated he agreed to pay $6,000 a month toward his court ordered restitution by the 20th day of each month. This payment plan is consistent with the payment instructions imposed by the court at sentencing. The defendant has not paid restitution on a monthly basis, which constitutes a Grade C violation of probation.

This charge is based on the following facts:

On April 6, 2007, the defendant paid $38,000. He was ordered by the Court to pay this amount as it was immediately available at the time of sentencing. On April 26, 2007, the defendant signed a monthly payment plan in which he agreed to abide by the court's restitution payment schedule of $6,000 a month. Said payments were to be made by the 20th day of each month commencing May 20, 2008. Thereafter, the defendant failed to make payments in May 2007, June 2007, and July 2007. On August 9, 2007, the defendant made a payment of $6,000 . The defendant failed to make payments in September 2007, October 2007, and November 2007. On December 28, 2007, the defendant made a payment of $42,000. The defendant failed to make payments in January 2008, February 2008, March 2008, April 2008, May 2008, June 2008 and July 2008. On August 29, 2008, the defendant made a payment of $12,000. The defendant failed to make payments in September 2008, October 2008, and November 2008. On December 5, 2008, the defendant made a payment of $42,200. The defendant is currently $11,800 in the arrears for restitution.

2. **THE DEFENDANT IS REQUIRED TO REPORT TO HIS PROBATION OFFICER ALL OF HIS SALARY, INCOME, INTEREST, DIVIDENDS, PROFITS, BONUSES, OR OTHER MONEY THE DEFENDANT RECEIVES OR HIS FAMILY RECEIVES:**

On July 1, 2007, December 27, 2007, and October 13, 2008, the defendant obtained money from personal loans and did not inform the Probation Office of this information until March 26, 2008, and November 18, 2008, which constitutes a Grade C violation of probation.

This charge is based on the following facts:

On March 26, 2008, and again on November 5, 2008, the defendant provided an accounting of loans provided to him from his father-in-law. Specifically, the defendant received $47,100 on July 1, 2007, and $62,000 on December 27, 2007. The defendant did not provide an accounting of where this money was spent other than $42,000, that was paid towards restitution in December 2007.

The defendant signed a promissory note on July 1, 2008, to pay back a loan from Randall Egan in the amount of $6,000 with an interest rate of 36% due by August 1, 2008. He did not inform me of this loan until November 18, 2008, when he provided a copy of the promissory note.

The defendant signed a promissory note on October 13, 2008, to pay back a loan from Timothy W. Belinski in the amount of $8,000, in the form of a check made payable to Connie Holcomb for the purpose of rent and rent deposits. The defendant did not inform me of this loan until November 18, 2008, when he provided a copy of the promissory note.

3.   **THE DEFENDANT SHALL PROVIDE TO THE PROBATION OFFICER FEDERAL AND STATE INCOME TAX RETURNS OR A SIGNED RELEASE AUTHORIZING THEIR DISCLOSURE:**

The defendant failed to provide his federal and state 2007 income tax returns which constitutes a Grade C violation of probation.

This charge is based on the following facts:

In August 2008, the defendant was instructed to complete a financial statement and provide it to me no later than September 8, 2008. Instructions also required him to provide a copy of the five most recent income tax returns and a written explanation for any returns not filed. The defendant submitted a financial statement on October 2, 2008, but did not provide any income tax returns.

4.   **THE DEFENDANT SHALL ANSWER TRUTHFULLY ALL INQUIRIES BY THE PROBATION OFFICER AND FOLLOW THE INSTRUCTION OF THE PROBATION OFFICER:**

On March 26, 2008, April 4, 2008, May 7, 2008, June 17, 2008, July 9, 2008, July 23, 2008, August 18, 2008, and September 9, 2008, the defendant made false statements to the Probation Office, as outlined below, which constitutes a Grade C violation of probation.

This charge is based on the following facts:

On March 26, 2008, the defendant stated he would have all of his delinquent restitution payments paid in full. At that time he had failed to pay restitution for the months of May 2007, June 2007, July 2007, September 2007, October 2007, and November 2007, January 2008, February 2008, and March 2008, and was in arrears a total of $18,000.

On April 4, 2008, the defendant acknowledged he was behind in his restitution payments and stated he would pay $18,000 on April 21, 2008. The defendant did not do so.

On May 7, 2008, the defendant advised me in writing that his employer, Terrior Homes LLC ,would be closing on their first contract on May 28, 2008, which would allow him to pay a "substantial amount of money" for six months back wages but no less than $100,000.

On June 17, 2008, the defendant stated he would pay $6,000 towards his restitution the week of June 24, 2008. The defendant reported his employer would sign off on a payment plan for his delinquent restitution payments which he would provide to me. No restitution payment was made during June 2008.

On July 9, 2008, the defendant advised me in writing that on or before July 14, 2008, and on July 28, 2008, he would pay $6,000 each date towards his restitution. He did not make those payments until August 29, 2008. The defendant also reported at that time that he would be receiving a monthly salary from June 2008 forward, which he has not received, or if he has received a salary, he has not disclosed this to me.

On July 23, 2008, the defendant proposed to me in writing that he would make up his restitution arrears payments as follows: $6,000 on December 2, 2008; $6,000 on February 3, 2009; $6,000 on March 3, 2009; and $12,000 on March 31, 2009.

In a letter dated August 18, 2008, the defendant represented to me that his employer, Terrior Homes LLC, had paid two restitution payments in the amount of $6,000 each for a total of $12,000. He stated he would make an additional $6,000 restitution payment on August 29, 2008. The $12,000 payment towards restitution was actually not made until August 29, 2008.

In a letter dated September 9, 2008, the defendant stated his employer, Terrior Homes LLC, would pay his arrears of $36,000 in restitution during the week of September 9, 2008. No restitution payment was made in September 2008.

In a letter dated September 9, 2008, the defendant stated he would have to move from his current residence because the landlord added a number of surcharges and fees to their rent and they could not afford $4,500 per month rent. I later confirmed that a complaint was filed in Eagle County Court on August 27, 2008, by the defendant's landlord alleging the defendant failed to pay the monthly rent and was $11,800 in debt as of August 2008. The defendant had not reported to the probation officer that he was behind in rent payments.

Also on September 9, 2008, the defendant stated $30,000 would be paid towards his restitution. No payment was made.

As of today's date, the defendant has paid a total of $140,200 in restitution inclusive of the lump sum of $38,000 which was ordered by the court to be paid at sentencing. The defendant paid this amount on April 6, 2007. Excluding the $38,000 payment, the defendant has paid a total of $102,200 restitution. Had the defendant adhered to his monthly payment schedule, he should have paid $108,000 in restitution. His current restitution balance is $11,100,402.94.

5. **FAILURE TO SUBMIT MONTHLY REPORT FORMS AS DIRECTED:**

The defendant failed to submit monthly report forms by the fifth of the month in March 2007, April 2007, May 2007, June 2007, July 2007, August 2007, September 2007, October 2007, November 2007, December 2007, January 2008, February 2008, April 2008, June 2008, July 2008, Sept 2008 and November 2008, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

The defendant was advised at the commencement of his supervised release on February 12, 2007, that monthly report forms were to be submitted on or before the 5th day of the month. He failed to do so for the following months: March 2007, April 2007, May 2007, June 2007, July 2007, August 2007, September 2007, October 2007, November 2007, December 2007, January 2008, February 2008, April 2008, June 2008, July 2008, Sept 2008 and November 2008.

Although the defendant was repeatedly reminded that these reports were to be submitted to me by the 5th day of each month, he provided them to me anywhere from two days late to two months late.