# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** (For **Revocation of Probation**) |
|---|---|
| v. | Case Number: 08-cr-00409-CMA-01 |
| RONALD PHILLIP WALLACE | USM Number: 19005-112 |
| | Edward Pluss, AFPD (Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violations 1 through 5, as alleged in the probation of ficer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | The Defendant Shall Pay Restitution in the Amount of $6,000 a Month | 11/2008 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

June 5, 2009
Date of Imposition of Judgment

*Christine M Arguello*
Signature of Judge

Christine M. Arguello, U.S. District Judge
Name & Title of Judge

6/11/09
Date

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 2 | The Defendant is Required to Report to his Probation Officer all of his salary, income, interest, dividends, profits, bonuses, or other money the defendant receives or his family receives | 10/13/08 |
| 3 | The Defendant Shall Provide to the Probation Officer Federal and State Income Tax Returns or a Signed Release Authorizing their Disclosure | 09/08/08 |
| 4 | The Defendant Shall Answer Truthfully all Inquires by the Probation Officer and Follow the Instruction of the Probation Officer | 09/09/08 |
| 5 | Failure to Submit Monthly Report Forms as Directed | 11/2008 |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of three (3) months.

The defendant shall surrender to the United States Marshal for this district at 12:00 noon on July 7, 2009.

## RETURN

I have executed this judgment as follows:

Defendant ~~delivered~~ U/S on 7/7/09 to RECORDS OFFICE ~~FCI ENGLEWOOD~~ 9595 West Quincy Avenue Littleton, Colorado 80123

at _____, with a certified copy of this judgment.

*Rene G. Garcia Vames*
~~UNITED STATES MARSHAL~~

By *[signature]* CSO
~~Deputy United States~~ Marshal

DEFENDANT: RONALD PHILLIP WALLACE
CASE NUMBER: 08-cr-00409-CMA-01                                                                 Judgment-Page 4 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

DEFENDANT: RONALD PHILLIP WALLACE
CASE NUMBER: 08-cr-00409-CMA-01                                    Judgment-Page 5 of 8

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall not incur new credit charges or open any lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

2) The defendant shall be employed and the defendant's employment shall be approved by the U.S. Probation Officer.

3) Upon the receipt of any funds received by the defendant or his immediate family or any entities controlled by or affiliated with the defendant, as a result of defendant's work activities or the sale of any of the defendant's assets in excess of his monthly salary, the defendant shall give notice not later than 24 hours after receipt of such funds to his supervising probation officer and shall not dispense such funds within 30 days of their receipt without approval of his supervising U.S. Probation Officer.

4) The defendant is prohibited from employment where he would solicit funds or employment which would permit him to have control over investment funds, to have custody of investment funds or investor funds, and nor may the defendant be a signatory on such accounts, this is accounts of investor funds.

5) The defendant is required to report to the United States Probation Officer monthly all of salary income, interest, dividends, profits, bonuses, or other monies that the defendant should receive or his family should receive.

6) The defendant shall provide the probation officer with access to any and all business records, client lists, and other records pertaining to the operation of any business owned in whole or in part by the defendant as directed by the probation officer.

DEFENDANT: RONALD PHILLIP WALLACE
CASE NUMBER: 08-cr-00409-CMA-01                                              Judgment-Page 6 of 8

7) The defendant shall provide to the probation officer: 1) a signed release authorizing credit report inquiries; 2) federal and state income tax returns or a signed release authorizing their disclosure and 3) an accurate financial statement with supporting documentation as to all assets, income, and expenses of the defendant. In addition, the defendant shall not apply for any loan without prior approval of the probation officer.

8) The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains", or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the probation officer upon request.

9) The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the probation officer until all financial obligations imposed by the Court have been satisfied in full.

DEFENDANT: RONALD PHILLIP WALLACE
CASE NUMBER: 08-cr-00409-CMA-01                                             Judgment-Page 7 of 8

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
|  | $0.00 | $0.00 | $11,240,602.94 |
| **TOTALS** | $0.00 | $0.00 | $11,240,602.94 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below. If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| See attached Victim List | $11,240,602.94 | $11,240,602.94 |  |
| **TOTALS** | $11,240,602.94 | $11,240,602.94 |  |

Interest on the restitution obligation will be waived, upon the court's finding that the defendant does not have the ability to pay interest.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: RONALD PHILLIP WALLACE
CASE NUMBER: 08-cr-00409-CMA-01                                                   Judgment-Page 8 of 8

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

It is ordered that the defendant shall make restitution in the amount of $6,000 per month, which shall be paid during the term of supervision. The payments shall begin 30 days after the commencement of supervision and this amount may be adjusted, and the Court expects it will be depending upon the defendant economic circumstances.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order: (1) special assessment, (2) restitution principal.