UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. Ronald Philip Wallace                    Docket Number: 08-cr-00409-CMA-01

**Petition for Issuance of Arrest Warrant Due to Violations of Supervised Release**

COMES NOW, Denise Dohanic, probation officer of the court, presenting an official report upon the conduct and attitude of Ronald Philip Wallace who was placed on supervision by the Honorable Consuelo B. Marshall, in the Central District of California sitting in the court at Los Angeles, California, on the 12th day of February, 2007, who fixed the period of supervision at five years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1.     The defendant shall not incur new credit charges or open any lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgement and sentence.

2.     The defendant shall be employed and the defendant's employment shall be approved by the U.S. Probation Officer.

3.     Upon the receipt of any funds received by the defendant or his immediate family or any entities controlled by or affiliated with the defendant, as a result of defendant's work activities or the sale of any of the defendant's assets in excess of his monthly salary, the defendant shall give notice not later than 24 hours after receipt of such funds to his supervising probation officer and shall not dispense such funds within 30 days of their receipt without approval of his supervising U.S. Probation Officer.

4.     The defendant is prohibited from employment where he would solicit funds or employment which would permit him to have control over investment funds, to have custody of investment funds or investor funds, and nor may the defendant be a signatory on such accounts, this is accounts of investor funds.

5.     The defendant is required to report to the United States Probation Officer monthly all of salary income, interest, dividends, profits, bonuses, or other monies that the defendant should receive or his family should receive.

6.     The defendant shall provide the probation officer with access to any and all business records, client lists, other records pertaining to the operation of any business owned in whole or in part by the defendant as directed by the probation officer.

7.     The defendant shall provide to the probation officer: 1) a signed release authorizing credit report inquiries; 2) federal and state income tax returns or a signed release authorizing their disclosure and 3) an accurate financial statement with supporting documentation as to all assets, income, and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the probation officer.

8.     The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains", or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the probation officer upon request.

9.     The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the probation officer until all financial obligations imposed by the Court have been satisfied in full.

10.    The defendant shall pay restitution in the total amount of $11,240,602.94 in monthly payments of $6,000. The

payments shall begin 30 days after the commencement of supervision and this amount may be adjusted, and the Court expects it will be depending upon the defendant's economic circumstances.

**On October 1, 2008, jurisdiction was transferred from the Central District of California to the District of Colorado. The case was re-designated Docket No. 08-cr-00409-CMA-01.**

**On June 5, 2009, the defendant's supervised release was revoked. He was sentenced to three (3) months imprisonment to be followed by three (3) years supervised release with all previously imposed special conditions remaining in full force and effect.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a warrant for violations of supervised release and that the petition and warrant be sealed until the arrest of the defendant. Subsequent to the arrest of the defendant, that the court consider revocation of supervised release.

ORDER OF THE COURT

Considered and ordered this ___12th___ day of March, 2010, and ordered filed, sealed, and made a part of the record in the above case.

*Christine M Arguello*
_____
Christine M. Arguello
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

*s/ Denise Dohanic*
_____
Denise Dohanic
Senior U.S. Probation Officer

Place: Grand Junction, Colorado

Date: March 9, 2010

**ATTACHMENT**

On September 10, 2009, the conditions of supervised release were read and explained to the defendant. On that date he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided with a copy of them. The term of supervised release commenced on September 7, 2009.

The defendant has committed the following violations of supervised release:

1.      **FAILURE TO PAY RESTITUTION AS DIRECTED:**

On September 10, 2009, the defendant signed a payment plan which stated he agreed to pay $6,000 a month toward his court ordered restitution by the 5th day of each month. This payment plan is consistent with the payment instructions imposed by the court at sentencing. The defendant has not paid restitution on a monthly basis, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

Upon revocation of the defendant's original term of probation on June 5, 2009, the Court ordered that restitution payments were to  begin 30 days after the commencement of supervision. The term of supervised release commenced on September 7, 2009.

On October 14, 2009, the defendant paid $6,000 in restitution. Thereafter, the defendant failed to make a restitution payment in November 2009. On December 31, 2009, the defendant made a $12,000 payment, evidently for his November 2009 and December 2009 obligations.  Since then, the defendant has  failed to make restitution payments in January 2010, February 2010, and March 2010. He is currently $18,000 in arrears.

2.      **FAILURE TO  PROVIDE THE PROBATION OFFICER WITH FEDERAL AND STATE INCOME TAX RETURNS:**

The defendant has failed to provide the probation officer with  his federal and state income tax returns for tax years 2007 and 2008, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

In September 2009, the defendant was instructed to complete a financial statement and provide it to me no later than October 2, 2009. Said financial statement was to include full supporting financial documentation, including, but not limited to, copies of his federal and state income tax returns for tax years 2007 and 2008. The defendant submitted his financial statement 12 days late on October 14, 2009, and failed to  provide any federal or state income tax returns.

3.    **FAILURE TO MAINTAIN EMPLOYMENT APPROVED BY THE PROBATION OFFICER:**

The defendant failed to inform the probation officer, and obtain approval for, his employment by Envision Built Projects LLC, in Carbondale, Colorado, in October 2009, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

Upon the defendant's release from Bureau of Prisons on September 7, 2009, he resumed employment with Terrior Homes LLC, Aspen, Colorado, of which Philip Theune was the owner.

On October 29, 2009, the defendant reported Philip Theune was filing Chapter 13 Bankruptcy and the defendant did not believe it would be in his interests to continue working for Philip Theune. The defendant indicated someone else would be buying the company and the defendant would then work for the investors of that company. The defendant was to update me in the coming week as to the status of this employment situation.

On November 4, 2009, the defendant stated the new company would be set up in the next 10 to 15 days. He said he would then obtain an employment contract and discuss it with me.

On December 7, 2009, the defendant was asked if his employment changed and he said "No." On December 16, 2009, the defendant reported to the Grand Junction Probation Office and stated he was employed by Envision Built Projects LLC, Carbondale, Colorado.

On December 29, 2009, Randy Eagan, President and Chief Executive Officer of Envision Built Projects LLC was contacted. He stated the defendant was hired on October 1, 2009. Mr. Eagan advised that this company was formed in December 2009 with the Secretary of State in Colorado and is a development/consulting company.

As noted above, the defendant did not advise me of this change of employment until December 16, 2009, which was nearly ten weeks after the change had occurred. This, in spite of the fact that I specifically questioned him on this point on December 7, 2009.

4.    **FAILURE TO SUBMIT MONTHLY REPORT FORMS AS DIRECTED:**

The defendant failed to submit monthly report forms by the fifth day of the month in October 2009, November 2009, and February 2010, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

The defendant was advised at the commencement of his supervised release on September 9, 2009, that monthly report forms were to be submitted on or before the 5th day of each month. He failed to submit monthly report forms for October 2009, November 2009, and February 2010.

5.    __FAILURE TO REPORT TO  THE PROBATION OFFICER AS DIRECTED:__

On December 3, 2009, the defendant was directed to report to the probation officer on December 11, 2009; on February 1, 2010, the defendant was directed to report to the probation officer on February 8, 2010; on February 21, 2010, the defendant was directed to report to the probation officer on February 26, 2010; and, on February 26, 2010, the defendant was directed to report to the probation officer on March 1, 2010.  The defendant failed to report to the probation officer as directed, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On November 25, 2009, I left a phone message for the defendant instructing him to call me to discuss why he had failed to submit his monthly report form for October 2009, as well as his updated medical information. The defendant failed to contact me.

On December 2, 2009, I left a phone message  for the defendant instructing him to call me to discuss 1) why he had not returned my earlier call; 2) why he had failed to submit his October 2009 monthly report form and medical information; and 3) why no tax information had been received. The defendant failed to contact me.

On December 3, 2009, the defendant contacted me but provided no explanation as to why he failed to return my telephone calls. I instructed him to report to the Grand Junction Probation Office on December 11, 2009. The defendant failed to report on December 11, 2009.

Based on the defendant's failure to return my telephone calls and report as directed, on February 1, 2010, I set an appointment  to meet with the defendant and his wife at their residence in Basalt, Colorado, on February 8, 2010, at 1:30 p.m.  On February 4, 2010, the defendant left me a voice mail canceling the appointment stating that he and his wife would not be home on February 8, 2010, after all.

On February 17, 2010, I left a voice message for the defendant instructing him to call me to set up an office appointment. The defendant failed to contact me.

On February 24, 2010, I contacted the defendant to set up an office appointment on February 26, 2010, for he and his wife to meet with me. The defendant stated he had been "very busy" and while he knew it is important to  meet with me as directed, he needed to confirm his wife's availability for the appointment first.

On February 25, 2010, the defendant advised me that he and his wife could not meet with me on February 26, 2010.  I then instructed him to report to my office on March 1, 2010, at 11:00 a.m. The defendant failed to report on March 1, 2010, as instructed.  Instead, I received a voice mail from the defendant at 7:18 a.m. that morning canceling the appointment due to a broken tooth, bronchitis, and/or an ear infection.

The defendant has failed to meet with me since my last visit to his residence on February 8, 2010.