**FILED**
United States Court of Appeals
Tenth Circuit

October 5, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RONALD PHILLIP WALLACE,

    Defendant - Appellant.

No. 12-1154
(D.C. No. 1:08-CR-00409-CMA-1)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Ronald Phillip Wallace was sentenced to sixty-three months' imprisonment, following the revocation of his supervised release.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

He appeals that sentence, arguing it is substantively unreasonable. For the following reasons, we affirm.

## BACKGROUND

Mr. Wallace was originally convicted in California in 2007 on numerous counts of mail fraud, wire fraud, and engaging in an unlawful monetary transaction. He was sentenced to five years' probation and three years of supervised release. While on probation, Mr. Wallace was subject to various special conditions relating to employment, reporting of income and financial activities, as well as a condition requiring him to pay restitution of more than $11,000,000 in monthly payments of $6,000. In 2008, jurisdiction over Mr. Wallace's case was transferred from California to Colorado.

On June 5, 2009, Mr. Wallace's probation was revoked after he admitted to five violations of his special conditions, including failure to pay restitution as directed, failure to report his income, failure to provide tax returns to the United States Probation Office, and failure to submit monthly reports and respond truthfully to inquiries from his probation officer. Following the revocation of his probation, Mr. Wallace was sentenced to three months' imprisonment, followed by three years of supervised release, with the same previously imposed special conditions.

Mr. Wallace's term of supervised release, following his three-month sentence, commenced on September 7, 2009. On June 10, 2010, his supervised release was revoked, based upon findings that he had committed five additional violations, almost identical to his previous violations. At that time, Mr. Wallace was sentenced to nine months' imprisonment, followed by twenty-seven months' supervised release (again with special conditions), and he was once again ordered to pay restitution in the amount of $11,240,602.

On April 22, 2011, the district court granted Mr. Wallace's motion to modify the conditions of his supervised release so that drug testing was no longer required.

On December 30, 2011, the district court issued a summons to Mr. Wallace, based upon the probation office's petition to revoke supervised release, which alleged additional violations of Mr. Wallace's supervised release. The probation office then filed an amended petition, alleging twelve violations of supervised release. The office subsequently prepared a supervised release violation report, which was filed April 4, 2012, and which alleged in detail the twelve violations.

The district court conducted an evidentiary hearing on April 13 and 16, 2012. Both the government and Mr. Wallace called witnesses, and Mr. Wallace himself testified. At the end of the hearing, the district court found, by a preponderance of the evidence, that Mr. Wallace had violated the terms of his supervised release, as alleged in the probation office's amended petition. After

noting that all the violations were Grade C, the court determined that, with a criminal history category of I, the advisory United States Sentencing Commission, Guidelines Manual ("USSG"), sentencing range was three to nine months. The court also noted, however, that Mr. Wallace's original 2007 fraud convictions involved a loss of more than $11 million dollars to more than 150 victims. Additionally, although the advisory Guidelines sentencing range for those fraud convictions was fifty-seven to seventy-one months, the original sentencing court had only sentenced Mr. Wallace to five years of probation.

The district court then considered Mr. Wallace's history on supervised release. The court observed that, following Mr. Wallace's violations in 2007 and 2008, the court had sentenced Mr. Wallace to three months' imprisonment. Following the additional violations in 2009 and 2010, the court had sentenced Mr. Wallace to nine months' imprisonment. As a result, the court concluded that Mr. Wallace "has repeatedly violated this Court's trust by flagrantly disregarding the standard and special conditions of supervision." Tr. of Revocation Hr'g at 182, R. Vol. 3 at 182.

The district court subsequently revoked Mr. Wallace's supervised release and sentenced him to nine months' imprisonment on each of his original seven counts of conviction on the fraud charges, to be served consecutively, for a total of sixty-three months' imprisonment. The court did not impose an additional

term of supervised release, but did order Mr. Wallace to continue to pay the remaining restitution owed to the victims of his fraud.

Mr. Wallace appeals that sentence, arguing it is substantively unreasonable.

## DISCUSSION

District courts may revoke a term of supervised release "if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). The court may then impose a term of imprisonment. United States v. Metzener, 584 F.3d 928, 932 (10th Cir. 2009); 18 U.S.C. § 3583(e)(3) & (h). "In reviewing a sentence imposed after revocation of supervised release, we review the district court's factual findings for clear error and its legal conclusions *de novo*." United States v. Handley, 678 F.3d 1185, 1188 (10th Cir. 2012). "We will not reverse a sentence following revocation of supervised release if the record establishes the sentence is 'reasoned and reasonable.'" Id. (quoting United States v. Contreras-Martinez, 409 F.3d 1236, 1241 (10th Cir. 2005)). We have explained that "[t]his is the same analysis as the reasonableness standard of review under United States v. Booker, 543 U.S. 220 (2005)." United States v. Steele, 603 F.3d 803, 807 (10th Cir. 2010).

Before determining the sentence to be imposed after revocation of supervised release, a district court must consider both the policy statements contained in Chapter 7 of the Guidelines and the factors provided in 18 U.S.C.

§ 3553(a).  Steele, 603 F.3d at 808.  In explaining the sentence it has selected, the court "is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider."  United States v. Cordova, 461 F.3d 1184, 1189 (10th Cir. 2006).

Reasonableness in sentences encompasses both a procedural and a substantive component.  Mr. Wallace challenges only the substantive reasonableness of his sentence.  "Substantive reasonableness addresses whether the length of [a] sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)."  United States v. Damato, 672 F.3d 832, 838 (10th Cir. 2012) (quotations omitted), petition for cert. filed, 81 USLW 3063 (July 16, 2012) (No. 12-77).  When a defendant challenges his sentence as substantively unreasonable, we review for an abuse of discretion, "and give[] substantial deference to [the] district court[]."  United States v. Sayad, 589 F.3d 1110, 1116 (10th Cir. 2009).  Finally, a district court "abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable."  Steele, 603 F.3d at 809.

In imposing sentence, the district court noted the gravity of the original fraud conviction obtained against Mr. Wallace, contrasted with the light sentence (five years probation) which he received at his original sentencing.  The court went on to observe:

> Given the nature and circumstances of the underlying offense; the overly lenient sentence of probation that was imposed by the sentencing court; the defendant's repeated, flagrant, and willful disregard of the condition of supervision in order to avoid repayment of his restitution obligation; and the fact that the Court has already tried with no success other types of sentences, the Court is inclined to sentence the defendant at the higher end of the Guideline sentence.

Tr. of Motions H'rg at 184-85, R. Vol. 3 at 184-85. The court further noted that Mr. Wallace's "current violations, particularly in the context of the defendant's overall history of noncompliance, are egregious and warrant substantial incarceration." Id. at 187.

After citing to and discussing several Tenth Circuit unpublished decisions authorizing the imposition of consecutive sentences following the revocation of supervised release, the court summarized its rationale for imposing the sixty-three month sentence: based on the "nature and circumstances of the defendant's recent violations, including their duration, complexity, serious and similar nature to his violations in his prior supervision terms," as well as the "substantial breach of trust to the [c]ourt involved," the need for adequate supervision, the fact that his "violation conduct is underlain in large part by deception and manipulation similar to the conduct in the underlying offenses," and given that prior sentences have not sufficiently deterred Mr. Wallace, the court determined that seven consecutive nine-month sentences were appropriate. This appeal followed.

The only specific argument Mr. Wallace makes is that the evidence presented to the district court did not support its finding that Mr. Wallace had

"flagrantly" violated the conditions of his supervised release. He does not, however, develop this argument with any specificity or citations to the record.

There is ample evidence supporting the district court's conclusions. Both in the amended petition detailing Mr. Wallace's supervised release violations, as well as the testimony of his probation officers at the hearing on the revocation of his supervised release, there are detailed descriptions of Mr. Wallace's violations. Mr. Wallace does not directly refute any of those descriptions. As the district court's remarks indicate, Mr. Wallace had repeatedly disregarded the conditions of his various terms of supervised release, despite experiencing repercussions from his failure to comply, and had acted in a manipulative and deceptive way. Under any definition of the word "flagrantly," Mr. Wallace's violations can be aptly characterized as such.

In short, the district court complied fully with its obligations in imposing Mr. Wallace's sentence, and the sentence itself is reasonable, considering all the facts and circumstances of this case.[1]  The district court did not abuse its discretion in sentencing Mr. Wallace to sixty-three months' imprisonment.

---

[1] While Mr. Wallace does not explicitly challenge this, there is no error in the district court's decision to have his nine-month sentences run consecutively. See Cordova, 461 F.3d at 1189 ("A district court has discretion to impose consecutive sentences after the revocation of supervised release.").

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence in this case.

            ENTERED FOR THE COURT


            Stephen H. Anderson
            Circuit Judge

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT
OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

October 05, 2012

Douglas E. Cressler
Chief Deputy Clerk

Ms. Lynn Anne Pierce
Butler, Landrum & Pierce, P.C.
720 Kipling Street
Suite 201
Lakewood, CO 80215-0000

**RE:**     **12-1154, United States v. Wallace**
District docket: 1:08-CR-00409-CMA-1

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 18 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker
Clerk of the Court

cc:     James R. Allison
        Linda Kaufman
        James C. Murphy


EAS/ad